S. A. COOKE v. J. R. WASHINGTON ET AL.

(No. 3040.)

PRACTICE.— Assignment of errors; charge of the court; presumption in favor of court below.

APPEAL from Collin county. Opinion by WATTS, J.

STATEMENT.— On November 9, 1882, Cooke filed his petition in trespass to try title against the appellees in the district court of Cooke county, claiming under grant made to Marcelline Lazarine, dated March 26, 1834. The defendant claimed under the republic and state of Texas by patents issued at different times. The case was removed by change of venue to Collin county. The real contest was as to the true location and identification of the Lazarine league, and whether or not it included the patented lands claimed by appellees. The case was tried September 11, 1875, and

verdict was returned and judgment rendered for appellees. Appellant brings the case before the court on an assignment of errors copied into the opinion. The material facts will also be found in the opinion.

OPINION.— The following with other errors are relied upon by appellant for a reversal of the judgment: 1. The court erred in overruling the motion for a new trial. Points 2, 3, 4 and 6 refer to giving and refusing charges to the jury. 5. In refusing to admit testimony of Aldrich and also certified copy of deed from C. E. Allen to M. E. Converse, and certified copy of deed from R. & S. Allen to A. C. Allen. 7. Admitting patents offered by defendants. 8. In admitting the certified copies of deeds offered by defendants.

In considering the questions presented by this appeal the first error assigned will be reserved, and appellees claim that the second assignment of error is so indefinite that the errors sought to be presented by it must be considered as waived. This appeal was perfected before the adoption of the new rules, and the question thus raised must be determined by decisions construing the statute then in force. This assignment is in effect that the court erred in fourteen charges given to the jury. As to what particular rule of law has been infringed by the court in any or all of these charges is in no way indicated by the assignment.

These several charges, however, have been examined in connection with all the other charges given, and there is no such error shown as readily attracts the attention of the court. But on the contrary, construing all the instructions given by the court together, and we think that by them the law applicable to the case made by the evidence is clearly given.

It is claimed that the court erred in refusing to give the charge asked for by appellant when the jury returned into court and asked for an explanation of charges, and also in the charge given by the court at that time. As

shown by the bill of exceptions, the jury returned into court and asked for additional instructions, whereupon the appellant asked the court to give the following instruction, viz.: "That in this cause absolute certainty as to the location of the grant or its lines and corners is not required, but that they must be governed by the preponderance of the testimony." This charge was refused, and the record shows that the court did give the jury at the time an instruction which is not in the record. The proposition that, as the court refused the above charge, which is claimed to be correct in law, we must presume that the charge that the court did give was erroneous, cannot be maintained. When there is nothing in the record to the contrary, the presumption will be indulged that the court charged the law. Under no state of the case will the presumption arise that the court failed to do its duty or committed an error. It is also urged that the court erred in excluding a certified copy of the evidence of Geo. Aldrich, who was dead. This evidence was taken in an *ex parte* proceeding to which the appellees were not parties and had no opportunity of cross-examination, and was no more admissible in evidence in this case than would have been the naked affidavit of the witness made before some officer authorized to administer oaths.

The deed from C. E. Allen to M. E. Converse did not describe the land in controversy, and was therefore properly excluded. There remains but one other question relied upon, and that is the verdict is not supported by but is against the evidence.

Throughout, the evidence is conflicting and doubtful. The verdict of the jury determined the credibility of the witnesses in favor of appellees, and upon their evidence based their finding; and a careful examination of the record fails to show that the verdict is not sustained by the evidence. We conclude the judgment ought to be affirmed.